# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> HSH Delaware L.P., <br><br> Alleged Debtor. | Chapter 7 Involuntary Petition <br><br> Case No. 09-13145 (PJW) |

## ANSWER OF HSH DELAWARE L.P. CONTESTING THE INVOLUNTARY PETITION

HSH Delaware L.P. ("HSH Delaware") as and for its answer to the involuntary bankruptcy petition (the "Involuntary Petition") filed by ABN AMRO Bank N.V., ABN AMRO Bank N.V., London Branch (collectively, "ABN"), Commerzbank AG, Filiale Luxembourg, Lloyds TSB Bank plc, Calyon, The Royal Bank of Scotland plc, and Landsbanki Islands hf (collectively, "Petitioners") states as follows:

## VENUE

HSH Delaware admits that it has been domiciled in this District for 180 days immediately preceding the date of the filing of the Involuntary Petition. However, as set forth below, a more appropriate and convenient forum exists to deal with the rights and obligations among Petitioners and HSH Delaware.

## ALLEGATIONS

1. HSH Delaware denies that Petitioners are eligible to file an Involuntary Petition against HSH Delaware and further denies each and every other allegation set forth in paragraph 1 of the portion of the Involuntary Petition headed "Allegations."

2. HSH Delaware admits that it is a person that has a domicile in the United States pursuant to sections 101, 109(a), and 303(a) of title 11 of the United States Code (the

"Bankruptcy Code"). To the extent paragraph 2 of the portion of the Involuntary Petition headed "Allegations" contains allegations requiring additional response, HSH Delaware denies same.

3. HSH Delaware denies that it is generally not paying its debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount, and further denies each and every other allegation set forth in paragraph 3 of the portion of the Involuntary Petition headed "Allegations."

## TRANSFER OF CLAIM

Each of the Petitioners assert that they hold a claim against HSH Delaware under a credit agreement dated October 19, 2006, as amended by an amendment letter dated December 11, 2006 (the "Credit Agreement"). In statements attached to the Involuntary Petition, each of the Petitioners other than ABN allege that they acquired their claim "by way of a novation pursuant to referenced and attached transfer certificates (collectively, the "Transfer Certificates"). (*See* Involuntary Pet.) HSH Delaware denies the allegations contained in the portion of the Involuntary Petition headed "Transfer of Claim" and, to the extent the statements appended to the Involuntary Petition contain allegations requiring additional response, HSH Delaware denies same.

## REQUEST FOR RELIEF

In response to the Request for Relief, HSH Delaware denies that Petitioners are entitled to the relief they request and prays that the Court enter an order for HSH Delaware dismissing the Involuntary Petition, and HSH Delaware specifically reserves its rights to seek attorneys' fees, costs, and damages pursuant to section 303(i) of the Bankruptcy Code.

## PURPORTED PETITIONING CREDITORS

In response to the portion of the Involuntary Petition under the heading "Petitioning Creditors," HSH Delaware denies that, for each Petitioner, it owes the amounts listed as the "Amount[s] of Claim," and it also denies that it owes the "Total Amount of Petitioners' Claims."

## GENERAL DENIAL

1. HSH Delaware denies each and every allegation of material fact not expressly admitted or qualified herein.

2. HSH Delaware reserves the right to amend its answer to Petitioners' Involuntary Petition as discovery may permit.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Involuntary Petition fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. The Involuntary Petition must be dismissed because Petitioners are not eligible to file the Involuntary Petition pursuant to section 303(b) of the Bankruptcy Code, as their claims are the subject of a bona fide dispute as to liability and amount.

### THIRD DEFENSE

3. The Involuntary Petition should be dismissed because Petitioners cannot meet their *prima facie* burden under section 303(b) of the Bankruptcy Code to show that no bona fide dispute exists with regard to the claims allegedly held by Petitioners.

## FOURTH DEFENSE

4. The Involuntary Petition should be dismissed on the ground of *forum non conveniens*.

5. Dismissal is proper on the ground of *forum non conveniens* because the Credit Agreement specifically states that English law governs; English courts were agreed in the Credit Agreement to be the most "appropriate" and "convenient" forum for the resolution of disputes; Petitioners selected English courts as the "exclusive jurisdiction" in which to resolve disputes connected with or related to the default and acceleration notice (the "Acceleration Notice"); the majority of the witnesses and documents are in England or otherwise outside of the United States; and the English courts represent an available and adequate forum in which to decide this dispute.

## FIFTH DEFENSE

6. The Involuntary Petition should be dismissed under section 305(a) of the Bankruptcy Code because the interests of creditors and the alleged debtor would be better served by a dismissal.

## SIXTH DEFENSE

7. The Involuntary Petition should be dismissed on the ground of international comity, as English courts are the proper forum for a dispute regarding the Credit Agreement.

## SEVENTH DEFENSE

8. The Involuntary Petition should be dismissed because Petitioners' claims are barred, in whole or in part, by the doctrine of waiver.

## EIGHTH DEFENSE

9. The Involuntary Petition should be dismissed because Petitioners' claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH DEFENSE

10. The Involuntary Petition should be dismissed because Petitioners' claims are barred, in whole or in part, by Petitioners' course of conduct.

## TENTH DEFENSE

11. The filing of this Involuntary Petition and Petitioners' conduct leading up to the filing constitutes a blatant misuse of the bankruptcy process and forum-shopping of the most egregious kind. Since June 2008, HSH Delaware and Petitioners have been engaged in ongoing and complex negotiations toward a restructuring of the Credit Agreement, triggered in part by the global financial meltdown and in part because the Credit Agreement included certain financial covenants that, in some instances, were (and had been) impossible for HSH Delaware to perform, even when certain financial projections were exceeded. In the last communications between Petitioners and HSH Delaware regarding the status of the negotiations in mid-June 2009, Petitioners promised HSH Delaware that they would respond back to HSH Delaware on the latest restructuring proposal. Instead of responding to HSH Delaware on the restructuring proposal in connection with what HSH Delaware believed to be good faith negotiations, Petitioners improperly accelerated all amounts outstanding under the Credit Agreement, including the term loan that was not set to expire until October 2011. Less than an hour later, they filed the Involuntary Petition. Pursuant to section 303(i)(1) of the Bankruptcy Code and interpretive case law in the United States Court of Appeals for the Third Circuit, HSH Delaware

should be awarded (and is presumed to be entitled to an award of) its costs and fees, in an amount to be fixed following an application.[1]

WHEREFORE, HSH Delaware respectfully requests that this Court dismiss the Involuntary Petition, award HSH Delaware its costs and fees in an amount to be fixed following an application by HSH Delaware, and order such other and further relief as this Court may deem just and proper.

---

[1] HSH Delaware's entitlement to costs and attorneys' fees pursuant to section 303(i)(1) of the Bankruptcy Code does not require a showing of bad faith. However, HSH Delaware specifically reserves its right to seek damages, including punitive damages, pursuant to section 303(i)(2) of the Bankruptcy Code, as a result of what appears to be a bad faith filing by Petitioners.

Dated: September 29, 2009
      Wilmington, Delaware

Respectfully submitted,

*/s/ John H. Knight*

Mark D. Collins (No. 2981)
John H. Knight (No. 3848)
Marcos A. Ramos (No. 4450)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-and-

Lori R. Fife, Esq.
Melanie Gray, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**ATTORNEYS FOR HSH DELAWARE L.P.**